UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-93 |
| | ) | (VARLAN/SHIRLEY) |
| BRETT LAMAR DILLARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the Court on December 22, 2008, to address a Motion to Determine Status of Counsel [Doc. 16]. Assistant United States Attorney Cynthia Davidson was present representing the Government. Attorney Paula Voss ("Attorney Voss") was present representing the Defendant, who was also present.

At the hearing, Attorney Voss represented to the Court that the attorney-client relationship was broken. Attorney Voss stated that her relationship with the Defendant was broken, the Defendant did not trust her, and the attorney-client relationship had deteriorated to such an extent that she could no longer render an adequate defense for the Defendant. Further, Attorney Voss and the Defendant had disagreements on trial strategy.

The Defendant agreed with Attorney Voss's assessment of the relationship. The Defendant stated that there had been a serious breakdown in the attorney-client relationship and that there were serious problems with communication between them, the trust factor was irretrievably

1

broken, and the relationship would not improve with time.

The Court warned the Defendant that, while the Court was obligated to provide competent counsel, it was not required to provide the Defendant with an endless stream of attorneys. The Defendant stated that he understood that attorney substitutions would be made only for good cause. The Court also explained that its granting of the motion would almost certainly result in an oral motion to continue the trial, which would likely be granted and result in the continued confinement of the Defendant. The Defendant stated that he understood the likelihood of a continuance and still had no objection to the withdrawal and still requested substitution of counsel. The Government had no objection to the Defendant's request for a new attorney.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). The Court concludes that good cause exists to allow Attorney Voss to withdraw and to appoint new counsel for the Defendant. The Court finds that the communication between the Defendant and Attorney Voss has completely broken down and that the trust necessary for an adequate defense no longer exists in the attorney-client relationship. Accordingly, the Court finds that the Defendant's Motion to Determine Status of Counsel **[Doc. 16]** is well-taken, and it is **GRANTED**.

At the hearing, Attorney Richard Gaines ("Attorney Gaines") was present in the courtroom and agreed to accept representation of the Defendant. The Defendant agreed to the appointment of Attorney Gaines. Attorney Gaines stated that he knew of no conflicts that would prohibit him from representing the Defendant. Further, Attorney Gaines agreed that he would obtain any pertinent files or discovery from Attorney Voss as soon as possible, and Attorney Voss

proffered she had provided the files to Attorney Gaines the morning of the hearing. The Court finds it appropriate to **SUBSTITUTE** and **APPOINT** Attorney Richard Gaines under the Civil Justice Act (CJA) as counsel of record for the Defendant.

Thereafter, Attorney Gaines made an oral motion for continuance of the trial date from January 27, 2009, to a later date. Attorney Gaines stated that he needed time to become familiar with the facts of the case and that he had a conflict with the current trial date as he has a trial already scheduled. The Defendant stated that he had no objection to continuing the trial date. Attorney Gaines proffered that all the time between the former trial date and the new trial date should be fully excludable under the Speedy Trial Act. The Government had no objection to the oral motion and concurred with the belief that all time between the former trial date and new trial date would be fully excludable under the Speedy Trial Act.

The Court finds that the ends of justice served by granting the oral motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Attorney Gaines has indicated to the Court that he needs time to review the file, to prepare for trial, and to insure reasonable time necessary for effective preparation. The Court will need time to review any such motions and hear arguments on the motions in order to make a report and recommendation. In addition, the District Judge will need time to rule upon the report and recommendation and the objections thereto. 18 U.S.C. § 3161(h)(1)(J). Finally, the parties will need time to prepare for trial in light of such rulings. 18 U.S.C. § 3161(h)(8)(B)(iv). The Court finds that all of this could not take place before the January 27, 2009 trial date, despite counsels' use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court also finds that failure to grant the motion would deny the Defendant continuity of counsel. 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the Court finds that Defendant's oral motion to continue the trial date is well-taken, and therefore, it is **GRANTED**.

In light of these findings and its granting of the motion, the Court set a new trial date of **March 30, 2009.** The Court further finds that the period of time between December 22, 2008, and the new trial date of March 30, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

Accordingly:

1. Attorney Paula Voss is relieved of any further responsibility in this case, and Attorney Richard Gaines is now counsel of record for the Defendant;

2. The trial date is set for **March 30, 2009**, before the Honorable Thomas A. Varlan, United States District Judge; and

3. All time between the December 22, 2008 hearing and the March 30, 2009, trial date is fully excludable under the Speedy Trial Act.

**IT IS SO ORDERED.**

ENTER:

　　　s/ C. Clifford Shirley, Jr.
　　　United States Magistrate Judge

4

Case 3:08-cr-00093-TAV-CCS   Document 18   Filed 12/22/08   Page 4 of 4   PageID #: 36